## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**PRANOM LASNER,**

    **Plaintiff,**

**v.**                                                   **No. 16-cv-0429 CG/SMV**

**ALBERTSON'S, LLC; NEW ALBERTSON'S INC.;**
**ALBERTSON'S HOLDINGS, LLC;**
**ABS SW INVESTOR, LLC;**
**ABS SW LEASE INVESTOR, LLC;**
**UNITED SUPERMARKETS, LLC;**
**and ALBERTSON'S INC.;**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte following its review of the Notice of Removal [Doc. 1], filed by Defendant Albertson's, LLC,[1] on May 1, 2016.  The Court has a duty to determine whether subject matter jurisdiction exists sua sponte.  *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction.  Therefore, the Court will order Defendant to file an amended Notice of Removal no later than June 7, 2016, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

---

[1] The proper name of the Defendant is unclear.  The Complaint and the Court's docket read "Albertson's, LLC," but the Notice of removal reads "Albertson, LLC."  *Compare* [Doc. 1-1] at 1, *with* [Doc. 1] at 1.

## BACKGROUND

On May 1, 2016, Defendant Albertson's, LLC, removed this case to federal court, asserting complete diversity between Plaintiff and Defendants and that the amount in controversy exceeds $75,000.  [Doc. 1] at 1–2.  In support of its claim of diversity of citizenship, Defendant Albertson's, LLC, makes no allegations as to the citizenship of any party.  *Id.*  It merely alleges that there is diversity of citizenship—nothing more.  *Id.*  In the original complaint, which is attached to the Notice of Removal, Plaintiff alleges that she is "an individual residing" in New Mexico, and she makes allegations as to the principal places of business of each of the Defendants.  [Doc. 1-1] at 1–3.  However, neither party alleges Plaintiff's *citizenship* or any facts about the *citizenship of the members* of the Defendant limited liability companies.  *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

citizens of different States.  § 1332(a).  When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant  is a citizen of the State in which such action is brought.  *See* 28 U.S.C. § 1441(a), (b).  Jurisdiction under § 1332 requires diversity of *citizenship*.  The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).  Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of both the states in which it is incorporated and in which it maintains its principal place of business.  *See* § 1332(c).  Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the facts set forth in the Notice of Removal and the Complaint do not sufficiently establish Plaintiff's citizenship.  Further, they do not allege the citizenship of the members of Defendants Albertson's, LLC; Albertson's Holdings, LLC; ABS SW Investor, LLC; ABS SW Lease Investor, LLC; and United Supermarkets, LLC; because they fail to allege the citizenship of each of their members.  Defendant Albertson's, LLC, may amend its Notice of Removal to

properly allege the citizenship of the parties, if the necessary jurisdictional allegations can be made in compliance with the dictates of Fed. R. Civ. P. 11.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Albertson's, LLC, shall amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **June 7, 2016**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **June 7, 2016**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**